### LANDER LUMBER CO. v. WILLIAMS et al.

### No. 4856.

Court of Civil Appeals of Texas. El Paso.

March 26, 1952.

Rehearing Denied May 7, 1952.

Potash, Cameron, Potash & Bernat, El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, for appellees.

McGILL, Justice.

This was a suit to reform a deed of trust executed by C. E. Williams which purported to convey to George S. Staten, Trustee, for Lander Lumber Company, to secure an indebtedness of $4,487.06 owing by Williams to Lander Lumber Company, the property described as the East one-fourth of Lot Twenty-three (E. ¼ of Lot 23) all of Lot Twenty-four (24) in Block Four (4) of the Terry Allen Addition to the City of El Paso, in El Paso County, Texas, being also known as 5123 Timber Wolf Drive, El Paso, Texas.

Appellant was plaintiff in the trial court, and appellees C. E. Williams and El Paso Building Material Company, a corporation,

318

were defendants. Plaintiff alleged that it was the intention of all the parties to the deed of trust to describe the property as

"Lot 25 and the west one-fourth of Lot 26 in Block 4 of the Terry Allen Addition to the City of El Paso";

that by error and mistake the deed of trust was drawn so as to describe the property as therein specified; that the proper street number of the property intended to be described is 5123 Timber Wolf Drive. Plaintiff sought to reform the deed of trust and establish a lien on Lot 25 and the West ¼ of Lot 26 in Block 4 of the Terry Allen Addition to the City of El Paso. On June 29, 1951, Williams by warranty deed conveyed this property to appellee, El Paso Building Material Company. Trial to the court without a jury resulted in a judgment that defendant C. E. Williams owns no interest in Lot 25 and the West one-fourth of Lot 26 in Block 4, Terry Allen Addition to the City of El Paso, and that plaintiff recover nothing from defendant, El Paso Building Material Company, or C. E. Williams on its prayer for reformation of the deed of trust, and that Lot 25 and the West one-fourth of Lot 26, Block 4, of the Terry Allen Addition to the City of El Paso be released of any claim of lien asserted by plaintiff, and assessing all costs against plaintiff.

Appellant has presented numerous points by which it contends that appellee El Paso Building Material Company was not a bona fide purchaser of the property, having paid no consideration for it and being charged with notice of appellant's lien thereon. In the view we take of the case these points become immaterial since the court did not err in refusing to reform the deed of trust.

The court filed elaborate Findings and Conclusions. Those deemed material are:

"I. Prior to May 16th, 1951, the Defendant C. E. Williams, was the owner of four separate building sites in Block 4, Terry Allen Addition to the City of El Paso, El Paso County, Texas, which sites are described as follows:

"(a) The E. ½ of Lot 22, and the W. ¾ of Lot 23; (b) The East ¼ of Lot 23, and all of Lot 24; (c) Lot 25, and the W. ¼ of Lot 26; and (d) The East ¾ of Lot 26, and the W. ½ of Lot 27.

"II. That the Defendant, C. E. Williams, planned to build on each of said building sites a house, and had arranged the financing for each house and given separate Deeds of Trust to the Mortgage Investment Company of El Paso, Texas for the purpose of securing it in the loans it was making to the Defendant, C. E. Williams.

"III. That on May 16th, 1951, C. E. Williams executed a Deed of Trust covering the East ¼ of Lot 23, and all of Lot 24, Block 4, Terry Allen Addition to the City of El Paso, El Paso County, Texas, to secure the Lander Lumber Company in the payment of one note in the principal sum of $4,487.06, signed by C. E. Williams and payable ninety days after date. That in said Deed of Trust the property above described was, also, described as 5123 Timber Wolf Drive.

"IV. That there was considerable confusion among the builders, the City and the City Water Department about the numbers on Timber Wolf Drive in this vicinity, and that the Water Department was using different numbers from those used by the City of El Paso.

"V. That prior to May 16th, 1951, C. E. Williams had become indebted to the Lander Lumber Company in the sum of approximately $14,487.06, and that the Lander Lumber Company was pressing Williams for payment. That on May 16th, 1951 Williams gave to the Lander Lumber Company three Deeds of Trust, which Deeds of Trust covered the property described in Paragraph I(a), (b) and (d) thereof. That these Deeds of Trust were filed for record on the 17th day of May, 1951. As stated above the Deed of Trust covering the East ¼ of Lot 23,

and all of Lot 24, Block 4, Terry Allen, contained the addition 'also known as 5123 Timber Wolf'.

"VI. That George Staten, Vice-President of Lander Lumber Company, thought when he took the three Deeds of Trust that he was getting Deeds of Trust on the property described in Paragraph I(a), (c) and (d) hereof. That the defendant, C. E. Williams, intended to give the Lander Lumber Company Deeds of trust on the property described in Paragraph I(a), (b) and (d). That as a matter of fact, if there was a mistake, it was not a mutual mistake.

"VII. That at the time of the execution of the Deeds of Trust only the footings were laid on Lot 25 and the West ¼ of Lot 26, and that the difference in value of the two tracts was less than $200.00.

\*     \*     \*     \*     \*     \*

"X. I find that on June 29th, 1951, the Defendant, C. E. Williams, conveyed tracts described in Paragraph I as (a) and (c) to El Paso Building Material Company pursuant to and in compliance with its agreement to assume the obligations against such houses."

and additional finding:

"I. I find that a building had been commenced on the E. ½ of Lot 22 and the West ¾ of Lots 23, Block 4, Terry Allen Addition, and that the footings had been laid for a building on Lot 25 and the W. ¼ of Lot 26, Block 4, Terry Allen Addition, at the time that the Deeds of Trust were given by C. E. Williams to Mortgage Investment Company of El Paso, Texas. I further find that at that time no building had been commenced on the E. ¼ of Lot 23 and all of Lot 24, Block 4, Terry Allen Addition."

And Conclusions of Law:

"I. I conclude, as a matter of law, that there was no mutual mistake as between C. E. Williams and Lander Lumber Company with reference to the Deed of Trust of May 16th, 1951,

covering Tract (c), and that actually there was no meeting of the minds of the parties.

\*     \*     \*     \*     \*     \*

"III. I find that the plaintiff is not entitled to a reformation of the Deed of Trust of May 16th, 1951, covering the East ¼ of Lot 23, and all of Lot 24, Block 4, Terry Allen Addition to the City of El Paso, El Paso County, Texas.

"IV. I find, as a matter of law, that where a legal description is contained in an instrument and the property is also referred to by street number, the legal description controls and governs over the street address."

If finding VI. is supported by sufficient evidence, clearly the court did not err in concluding that there was no mutual mistake between C. E. Williams and Lander Lumber Company with reference to the Deed of Trust covering tract (c) and that plaintiff was not entitled to reformation of the Deed of Trust conveying tract (b), the East ¼ of Lot 23 and all of Lot 24.

In the absence of fraud or inequitable conduct a written instrument will not be reformed on account of mistake unless the mistake is mutual; that is, a mistake common to both parties, both laboring under the same misconception in respect to the terms of the instrument. Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447, loc. cit. 450, and authorities there cited. Com.App. opinion adopted. Since under finding VI. Staten thought the Lander Lumber Company was getting a lien on Lot 25 and the West ¼ of Lot 26, but Williams intended to give a lien on the East ¼ of Lot 23 and all of Lot 24, there was no mistake common to both parties with both laboring under the same misconception. Therefore, the real question in the case is whether the evidence is sufficient to sustain the court's finding VI. We conclude that it is, viewed in the light most favorable to the finding, as we must view it.

Staten testified that Williams told him he wanted to give him liens on his houses that he had under construction on

Timber Wolf Drive, also that after the Deed of Trust was executed he went with Williams to the property and told him the Deed of Trust was on 5123 which was the building site immediately west of 5127 where they were at the time, and which is lot 25 and the west ¼ of Lot 26. At this time the footings had been laid on this site (Finding VII) and no building had been commenced on the East ¼ of Lot 23 and all of Lot 24 (Additional Finding I). His testimony is corroborated by Tom Newman, Jr., who drew the Deed of Trust. He testified that it was explained to him by Mr. Williams and Mr. Staten that he (Williams) wanted to give him (Staten) notes and liens on his houses that he had under construction on Timber Wolf Drive; that they did not mention anything except the houses under construction; also that Williams changed the number from 5121 to 5123. Williams testified that he intended to give him (Staten) a mortgage on the houses; that there was no house on the East ½ of Lot 22 and the West ¾ of Lot 23, or on Lot 25 and the West ¼ of Lot 26.

"A. There was two houses to my knowledge under construction and two vacant lots. Now I won't say one way or the other whether we had started the other one or not. Now there could have been some cement poured, or they could even have been started the foundation, there was lumber and cement all over the place anyway. I had two deeds of trust on the other two houses, ready to go to work, it didn't matter one way or the other. If it had turned right the opposite direction, what I mean if it hadn't come where the deeds of trust had been filed, I would have started the other house, too, and there would have been—his house would have been on that vacant lot. I didn't stop the construction on one lot because of the deeds of trust. I was to build two houses there, and I would have built them.

\*     \*     \*     \*     \*     \*

"Well, it was supposed to cover a lot because there was only two houses there. As far as the other lot was concerned, even the most that it could have cost would have been two hundred dollars."

Williams' testimony is somewhat corroborated by Mr. T. R. Fye, president of El Paso Building Material Company. He testified that Williams told him the Lander Lumber Company Deed of Trust was on the vacant lot. Under this testimony and other facts and circumstances in evidence, a question of fact was presented to the trial court which he has resolved adversely to appellant. We can not say that his finding is not supported by sufficient evidence, especially in this kind of a case where in a suit for reformation there must be a finding upon evidence that is "clear, exact and satisfactory" that the mistake of fact was mutual. Pegues v. Dilworth, 134 Tex. 169, 132 S.W.2d 582, loc. cit. 585, (1–5) Com.App. Opinion adopted; Sun Oil Co. v. Bennett, supra; 29 Tex.Jur. p. 720, Sec. 12; Chanoux v. Mesa Corporation, Tex.Civ.App., 241 S.W.2d 741, loc. cit. 748, (w.r.n.r.e.).

All of appellant's points are overruled, and the judgment of the trial court is affirmed.

Affirmed.

PRICE, C. J., did not participate.